**Juan Manuel Mendoza MARTINEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74742.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Juan Manuel Mendoza Martinez, San Jacinto, CA, pro se.

Lourdes Diaz De Mendoza, San Jacinto, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Esq., DOJ—U.S. Depart-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Husband and wife Juan Manuel Mendoza Martinez and Lourdes Diaz de Mendoza petition pro se for review of the Board of Immigration Appeals' ("BIA") orders upholding an immigration judge's order denying their applications for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' constitutional challenges regarding the Nicaraguan and Central American Relief Act are unavailing. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002). We also are not persuaded by petitioners' constitutional challenges regarding the rights of their children. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir.2005).

We do not consider Lourdes Diaz de Mendoza's contention regarding the moral character finding, because her failure to establish hardship is dispositive.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, we are not persuaded by petitioners' contention that the BIA's orders were inadequate. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995) ("The adoption of a lower tribunal's reasons is a valid practice on review.").

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**